IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOEY ASHWORTH,

    Plaintiff,

v.	Case No. 2:20-cv-00041

SOUTH CENTRAL REGIONAL JAIL,

    Defendant.

---

JOEY ASHWORTH,

    Plaintiff,

v.	Case No. 2:20-cv-00052

SOUTH CENTRAL REGIONAL JAIL,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

These matters are assigned to the Honorable Joseph R. Goodwin, United States District Judge, and are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening are Plaintiff's Complaints (ECF No. 2 in each civil action) and Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF No. 1 in each civil action).

## I.     STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who seeks to proceed *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. The liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Defendants have not been served with process and should not be required to appear or defend this matter.

## II.    ALLEGATIONS IN COMPLAINTS

These two complaints filed by Plaintiff concern his conditions of confinement at the South Central Regional Jail ("SCRJ") in late December of 2019 and early January of 2020. It appears that Plaintiff is no longer incarcerated in any correctional facility in the State of West Virginia and he has not communicated with the court since he filed his complaints. Nonetheless, Plaintiff provided an alternative address where the court will attempt to mail this document.

The complaint in Case No. 2:20-cv-00041 alleges that Plaintiff had gone 20 days without two medications, Suboxone and Vistaril, which he contended are "used for [his] mental state and medicinal use." (Case No. 2:20-cv-00041, ECF No. 2 at 4). However, the complaint names only the SCRJ as a defendant and does not allege any specific facts concerning the conditions for which Plaintiff was taking those medications, who had prescribed them, who denied him the medication, and when, or any actual injury he suffered therefrom. Rather, Plaintiff merely requests that he be transferred to another facility where he could receive his medication "to be at full mental and physical health." (*Id.*)

The complaint in Case No. 2:20-cv-00052 alleges that, on December 21, 2019, Plaintiff was placed on suicide watch "for no reason" and was "told that there were no beds available." (Case No. 2:20-cv-00052, ECF No. 2 at 4). Plaintiff further alleges that he was placed in a cell with four other inmates, with no mattress, clothing, or covers, and was forced to sleep on the concrete floor for four days and did not shower for six days.

4

(*Id.*)  Plaintiff further claims that he vomited from "being forced to go without my meds, and being forced to smell a [colostomy] bag." (*Id.* at 4-5).  Plaintiff also asserts that his paper pants that he wore while on suicide watch ripped and were not replaced, causing him to expose himself to female staff members while walking.  (*Id.* at 5).  Plaintiff claims that he "suffer[s] nightmares from the mistreatment and humiliation [he] suffered." (*Id.*)  In both complaints, Plaintiff seeks the recovery of monetary damages for "physical discomfort" and "emotional distress."

### III.   ANALYSIS

*A.   The South Central Regional Jail is not a proper defendant.*

Plaintiff has named the "South Central Regional Jail" ("SCRJ" or "Defendant") as the sole defendant in both complaints.  However, the SCRJ is a correctional facility operated by the West Virginia Division of Corrections and Rehabilitation (the "WVDCR").  Thus, it is a state agency or entity.

Plaintiff's claims against Defendant are construed to be brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.  While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a § 1983 claim, "a plaintiff must allege the violation of <u>a right secured by the Constitution and laws of the United States</u> and must

show that the alleged deprivation was committed by <u>a person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

To the extent that Plaintiff has named the SCRJ as the sole defendant, it is not a suable entity against whom relief can be granted. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent or waiver by statute, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). These narrow exceptions to Eleventh Amendment immunity do not exist in this case. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not a person who can be sued under § 1983 and is further immune from suit under the Eleventh Amendment. Thus, both complaints fail to state a plausible claim for relief against the SCRJ.

B.    *Plaintiff's allegations fail to state a plausible claim for relief.*

Notwithstanding the fact that the SCRJ is not a proper defendant and is immune from suit, Plaintiff's complaints should also be dismissed because the conditions of confinement about which Plaintiff complains do not rise to the level of a plausible Eighth or Fourteenth Amendment violation. The undersigned is uncertain of whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time in question. If he was a pre-trial detainee, his conditions of confinement claims arise, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment prohibition against cruel and unusual punishment, which is applicable to sentenced prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992); *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988).

Nonetheless, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier,* 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 243-44 (1983) and *Hill v. Nicodemus,* 979 F.2d 987, 991-92 (4th Cir. 1992)). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are instructive in analyzing cases arising under the Fourteenth Amendment. *But see Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Fourteenth Amendment objective reasonableness standard applies to excessive force claims brought by pre-trial detainees). To date, however, our appellate court has not extended the holding in *Kingsley* beyond excessive force claims. *See Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) ("[W]e said a pretrial-detainee-medical-deliberate-indifference claim required both an objectively serious medical condition and subjective knowledge of the condition and the excessive risk posed from inaction."); *see also Doe 4*

7

*ex rel. Lopez v. Shenandoah Valley Juv. Ctr. Comm'n*, 985 F.3d 327, 340 (4th Cir. 2021); *Aiken v. Hall*, No. 1:17-CV-97-FDW, 2017 WL 5985940, at *2 (W.D.N.C. Dec. 1, 2017) ("Therefore, Eighth Amendment cases are instructive in analyzing pre-trial detainees' claims of deliberate indifference and unconstitutional conditions of confinement.")

Applying the objective component, prison conditions could reach the level of a constitutional violation if they were to produce "a serious deprivation of a basic human need." However, Plaintiff must allege more than *de minimis* pain or injury, which he has failed to do here. The Fourth Circuit has articulated that the appropriate test is whether conditions of confinement "objectively deprived [an inmate] of minimal civilized necessities such as adequate food, clothing, shelter, medical care, or physical safety." *Williams v. Branker,* 462 F. App'x 348, 353 (4th Cir. 2012). Such analysis is "informed by our recognition that '[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement.'" *Id.,* citing *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir. 1997); *see also Mann v. Bell-McKensie*, No. 0:14-cv-04496-RMG, 2015 WL 1224299, at *3 (D.S.C. Mar. 17, 2015). Consequently, prison conditions may be harsh and uncomfortable without violating the Constitution and allegations like those alleged by Plaintiff have repeatedly been dismissed for failure to state a plausible claim for relief.

First, to the extent that Plaintiff's complaints allege that he was placed in an overcrowded cell at the SCRJ, courts within the Fourth Circuit have routinely dismissed Eighth and Fourteenth Amendment claims based on similar allegations of short-term overcrowding. *See*, e.*g.*, *Ross v. Russell*, No. 7:20-cv-000774, 2022 WL 767093, at *16 (W.D. Va. Mar. 14, 2022); *Bennett v. Nix*, No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *3 (D.S.C. Jan. 7, 2020), *report and recommendation adopted*, 2020 WL

607206 (D.S.C. Feb. 7, 2020) (no constitutional violation where pretrial detainee slept in "arraignment room" on the floor (and near the toilet) with six other prisoners, for a period of almost three weeks); *Gray v. V.B.C.C. Inmate Hous.*, No. 1:14CV414 TSE/TCB, 2014 WL 3420483, at *3 (E.D. Va. July 9, 2014) (no constitutional violation where inmate had to sleep on the floor near the toilet "at various times"); *Oliver v. Butler*, No. 5:12-CT-3060-FL, 2015 WL 846755, at *6 (E.D.N.C. Feb. 26, 2015) (no constitutional violation where inmate slept on a mattress on the floor for five days due to overcrowding); *Parkerton v. Brooks*, No. GLR-19-cv-1403, 2020 WL 4732138, at *7 (D. Md. Aug. 14, 2020) (no constitutional violation where inmate slept one night without a mattress and blanket).

Additionally, the conditions to which Plaintiff was exposed while in the communal cell do not satisfy the objective component of a "serious deprivation." For example, "the mere smell or presence of human waste is not sufficiently serious to constitute a violation of the Eighth Amendment." *Salmons v. Western Reg'l Jail*, No. 3:18-cv-1447, 2019 WL 5616916, *6 (S.D.W. Va. Oct. 30, 2019). Although "the sight and odor of human waste is distasteful," it does not rise to the level of "cruel and unusual punishment." *Canterbury v. Western Regional Jail,* No. 3:18-cv-01440, 2019 WL 6545328, *12 (S.D.W. Va. Nov. 7, 2019), *report and recommendation adopted*, 2019 WL 6598349 (S.D.W. Va. Dec. 4, 2019) (finding no constitutional violation where the plaintiff did not come into direct physical contact with human waste for an extended period of time); *Harris v. FNU Connolly*, No. 5:14–cv–128–FDW, 2016 WL 676468, * 5 (W.D.N.C. Feb. 18, 2016), *aff'd*, 667 F. App'x 408 (4th Cir. 2016) (concluding that unsanitary cell conditions, including the presence of feces, urine, and vomit was less than ideal, but short term sanitation problems do not amount to constitutional violations); *DePaola v. Ray*, No. 7:12-cv-

00139, 2013 WL 4451236, *10 (W.D. Va. July 22, 2013) (finding no violation of a basic human need or a sufficiently serious injury where a plaintiff allegedly "suffered from nausea [and psychological trauma] due to the smell of other inmates smearing their feces/urine while in the B-3 pod"). The determination of whether exposure to human waste is cruel and unusual depends on both the duration and the severity of the exposure. *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015); *see also Bailey v. Rife*, No. 1:21-cv-00424, 2021 WL 6496561, at *6 (S.D.W. Va. Nov. 19, 2021), *report and recommendation adopted*, 2022 WL 130746 (S.D.W. Va. Jan. 13, 2022) (one month placement in a "hard cell" containing human waste failed to state a plausible constitutional claim); *Williams v. O'Brien*, No. 1:12-cv-174, 2014 WL 2864897, *10-11 (N.D.W. Va. June 24, 2014) (an inmate's placement in a cell without running water, no sink, no toilet, half a mattress, being provided a bag for his bathroom needs, and no one removing the used bag for two days failed to state an Eighth Amendment claim where the inmate's exposure to such conditions was limited and inmate failed to allege "any harm more serious than temporary discomfort").

Likewise, Plaintiff's claim that he was denied clean and unripped clothing and a shower for a short period of time fails to rise to the level of a serious deprivation of a basic human need. *See, e.g., Johnson v. Fields*, No. 2:14-cv-38-FDW, 2017 WL 5505991, *10 (W.D.N.C. Nov. 16, 2017) ("Plaintiff's claim that he was denied a shower and clean clothes for twelve days is insufficient as a matter of law to maintain an Eighth Amendment claim."); *Walker v. Dart*, No. 09-cv-1752, 2010 WL 669448, *4 (N.D. Ill. Feb. 19, 2010) ("Being denied clean clothes for two weeks, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim")(collecting cases); *DeLoach v. South Carolina Dept. of Corr.*, No. 4:08-cv-3113-HMH-TER, 2009 WL 1651452, *3-4

(D.S.C. June 11, 2009), *aff'd.*, 355 F. App'x 681 (4th Cir. 2009) (denial of a clean jumpsuit and hygiene packet for a thirty day period did not constitute a denial of a "basic need"). In *Shakka v. Smith*, the Fourth Circuit determined that a plaintiff failed to establish an Eighth Amendment violation where he was provided with water and cleaning material but denied a shower for three days after human waste was thrown onto him and his surroundings. 71 F.3d 162, 167-68 (4th Cir. 1995); *see also Gochie v. Beaver*, No. 5:18-cv-148-FDW, 2018 WL 5924503, at *2 (W.D.N.C. Nov. 13, 2018) (prisoner who alleged that "clean clothes are not given out for days at a time" did not allege an Eighth Amendment violation).

To the extent that Plaintiff has alleged that the failure to replace his ripped paper pants caused him to expose himself to female nurses, the unnecessary exposure of a prisoner's genitals to members of the opposite sex has been found to violate the prisoner's constitutional rights. *See Strickler v. Waters*, 989 F.2d 1375, 1387 (4th Cir. 1993); *Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981). However, in the instant case, Plaintiff has not identified any particular individuals whom he claims are responsible for this conduct. Rather, he merely summarily states that "the guards refused to provide [him] with another pair" of pants. (ECF No. 2 at 5). As previously stated, it is insufficient to name the SCRJ as a defendant and Plaintiff's allegations are far too conclusory to establish a plausible violation of his right to privacy under the Fourth Amendment.

Finally, turning to Plaintiff's claim that he was denied certain medications, he has, likewise, not identified specific medical or correctional staff that allegedly denied him medical care, nor has he sufficiently alleged his "mental health" and "medicinal" needs for the medication. Thus, his allegations are insufficient to establish a plausible violation of his constitutional rights grounded in denial of treatment for a serious medical need.

Plaintiff must allege more than unpleasant or uncomfortable living conditions, as "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding the conditions of confinement[.]" *Hammonds v. Wolfe*, No. 3:18-cv-1377, 2020 WL 1243609, at *4 (S.D.W. Va. Mar. 13, 2020) (quoting *Salmons, supra*, 2019 WL 5616916 at *5). Significantly, Plaintiff has not alleged or demonstrated any actual injury from these conditions of confinement, and he has not identified any individual prison or medical staff who allegedly subjected him to these conditions. Thus, his allegations fail to give rise to any plausible claim for relief under § 1983. Based on the foregoing, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's allegations fail to state any plausible constitutional claim based upon his conditions of confinement while he was incarcerated at the SCRJ.

## IV. RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that both of Plaintiff's complaints fail to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** both complaints (ECF No. 2 in each civil action) and both civil actions, pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF No. 1 in each civil action).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing

this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation in each of the above-referenced civil actions and to mail a copy of the same to Plaintiff at **1039 Hedrick Road, Scott Depot, WV 25560**, which is an alternative address provided by Plaintiff when he filed his complaints.

November 8, 2022

Dwane L. Tinsley
United States Magistrate Judge